```
ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

KATHERINE L. WAWRZYNIAK (CABN 252751)
Chief, Criminal Division

RICHARD EWENSTEIN (CABN 294649)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6842
    FAX: (415) 436-6753
    richard.ewenstein@usdoj.gov

Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>STEVEN SMITH,<br><br>    Defendant. | CASE NO. 13-CR-00257-YGR<br>         15-CR-00465-YGR<br><br>**JOINT SENTENCING RECOMMENDATION**<br><br>June 22, 2023<br>9 a.m.<br>Hon. Yvonne Gonzalez Rogers |

On June 21, 2023, the parties will appear before this Court for admission and sentencing on the Amended Petition for Warrant for Person Under Supervision dated May 2, 2023 (the "Amended Form 12"). For the reasons below, the parties respectfully and jointly recommend that, upon Smith's admission to the marijuana use in Charge One and Charges Two, Three, Five, and Six in the Amended Form 12, the Court impose a custodial sentence of twelve months and one day with no supervision to follow. The parties have consulted with Smith's assigned U.S. Probation officer, who concurs with this recommendation.

PROCEDURAL HISTORY

The parties agree that the Amended Form 12 accurately states the procedural history of this case.

JOINT DISPOSITION MEMORANDUM               1
13-CR-00257-YGR
15-CR-00465-YGR

Smith has been supervised by U.S. Probation since late 2015. During that time, the Court has revoked supervision on four occasions, each revocation following Smith's admission to violations of terms of his supervised release.

## GUIDELINES CALCULATIONS

The parties and U.S. Probation agree that Charges One, Two, and Three are grade C violations, and charges Five and Six are grade B violations. *See* U.S.S.G. § 7B1.1(a). The overall grade of the violation is therefore B. U.S.S.G. § 7B1.1(b). The parties and Probation further agree that Smith's criminal history category at the time of the offense in 13-CR-00257 YGR was III, and his criminal history category at the time of the offense in 15-CR-00465 YGR was IV. A CHC of III and a Grade B violation yields an advisory Guideline range of 8-14 months, and a CHC of IV and a Grade B violation yields an advisory Guideline range of 12-18 months. U.S.S.G. § 7B1.4(a).

## DISCUSSION

In imposing sentence for a violation of supervised release, the Court must consider the applicable advisory Guideline range as well as the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(6). *See* 18 U.S.C. § 3583(e); *United States v. Musa*, 220 F.3d 1096, 1100-01 (9th Cir. 2000). The Court may not consider the factor in section 3553(a)(2)(A), the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *United States v. Miqbel*, 444 F.3d 1173 (9th Cir. 2006). Although the Court "may not punish [a defendant] for the criminal conduct underlying the revocation," it may sanction a violator for a breach of the Court's trust. *United States v. Hammons*, 558 F.3d 1100, 1104 (9th Cir. 2009) (quoting *Miqbel*, 444 F.3d at 1182); *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007). It is appropriate for a district court to consider the seriousness of the offense underlying the revocation, as long as the district court does not impose the sentence solely or primarily on that basis. *Simtob*, 485 F.3d at 1062.

The parties' recommended sentence in this case falls within the applicable Guidelines range and would satisfy the objectives of punishment in section 3553(a) applicable to supervised release violations. Twelve months is a significant sentence and the longest yet received by Smith for a violation of

supervised release, reflecting an increased sanction for these subsequent breaches of the Court's trust. A twelve-month sentence would afford deterrence and protect the public during the period of Smith's incarceration.

Smith has already received a meaningful sentence in San Francisco Superior Court for the criminal conduct that underlies Charges Five and Six. In case number CRI-22010234, Smith pled guilty to being a felon in possession of a firearm and was sentenced to 368 days in custody and two years of formal probation. Amended Form 12 at 7.

Smith has not admitted Charge Four, which alleges a domestic assault in Pima County, Arizona. The undersigned Assistant United States Attorney has contacted the prosecutor's office in Pima County and learned the following: Smith has been charged with kidnapping and class four aggravated assault, which carry potential sentences of 9.25 to 23 years and 4.5 to 7.5 years, respectively. The presumptive sentence for the kidnapping count is 9.25 years. The parties expect that, after Smith serves any sentence imposed by this Court, he will be transported to Arizona on an existing felony warrant to face the pending charges.

In fashioning this recommendation, the parties find significant that Smith has faced and will face felony prosecution from local prosecutors in two separate jurisdictions. An additional sanction from this Court for Smith's breach of trust is warranted, but the parties respectfully submit that the degree of the sanction should consider the meaningful sentence that Smith has already received from the San Francisco Superior Court and the considerable sentence he faces if convicted in Arizona.

The parties and U.S. Probation also agree that further supervision is not appropriate in this case. Unfortunately, Smith has been unable, or failed, to take advantage of Probation's many attempts to work with him over the last seven years, and both Probation and Smith himself feel that supervision is not helping him successfully reintegrate into society.

Supervision also exists, of course, to protect the community from any further crimes Smith might commit. In this case, however, that concern is diminished because Smith will remain subject to felony probation out of both Sacramento and San Francisco Superior Courts, and he faces the prospect of a lengthy criminal prosecution (and sentence, if convicted) in Arizona. Given these factors, further

supervision by this Court seems unlikely to either assist Smith with his reintegration into society or provide a meaningful amount of additional protection to the public.

Finally, Smith believes that the jointly recommended sentence is supported by the searing trauma, neglect, and violence that infused Smith's childhood, the effects of which he continues to suffer from. This was well-documented in a psychological evaluation that Dr. Scott Lines prepared and that was filed under seal prior to a sentencing hearing held in January 2018. That report included the following description by Smith of his childhood:

> My problem with my mom is that she always chose drugs or a man over us. My dad would send money for us kids and I'd never see it, it went to the drugs. I'd go to school in the same clothes as last year, when all the kids had fresh kicks on, and it made me feel like I was below everyone else. That's what pushed me into trying to hustle . . . The whole time I didn't get what I was looking for. I didn't feel loved, she didn't do for me what she did for her dude. Shopping, she's buying shoes for her man, I just get a pair of pants. I felt like she didn't give a (expletive) about us, we just there for the check.

He experienced pervasive gun violence from a young age and by the time he was 16 it "became normal." As a four-year old, he regularly witnessed his mother using crack cocaine. By the age of ten, he was self-medicating with marijuana, which helped ease his severe anxiety. Dr. Lines concluded that Smith functions with impairments in judgment as a result of his depressive disorder related to maternal neglect, his exposure to traumatic events, which left him with chronic PTSD, and his probable impairments in higher brain functioning related to early and heavy marijuana use. Yet despite all of that, Dr. Lines also found Smith to be an intelligent, engaging, and creative young man. The government takes no position on the significance of Dr. Lines' 2017 report to the sentencing determination for these supervised release violations.

//
//
//

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court impose a custodial sentence of twelve months and one day with no period of further supervision to follow.

Respectfully submitted,

Dated: June 14, 2023

ISMAIL J. RAMSEY
United States Attorney
Northern District of California

_____/s/_____
RICHARD EWENSTEIN
Assistant United States Attorney


Dated: June 14, 2023

_____/s/_____
MATTHEW DIRKES
Counsel for Steven Smith